UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS VOSHELL, #264768,

        Petitioner,                        Case No. 16-cv-14514

v                                          Honorable Thomas L. Ludington

JOHN DOE,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Dennis Voshell is a state inmate currently incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. Petitioner does not identify the claims raised or demonstrate that he has exhausted his state court remedies. The petition, therefore, will be dismissed.

**I.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference

to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted).

The pending habeas petition challenges convictions for domestic violence and aggravated stalking, rendered in Roscommon County. The petition will be dismissed under Rule 4 on two grounds. First, Petitioner fails to specify any specific grounds for relief. The form habeas petition provides a section for a petitioner to identify the claims raised. Petitioner did not complete that section of the form, nor did he otherwise identify the claims raised. *See* Pet. at 5. The Court will not guess on what basis Petitioner challenges his convictions. The petition is subject to summary dismissal on this basis.

Second, Petitioner fails to satisfy his burden of demonstrating exhaustion of state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). "Exhaustion requires 'fair presentation' of the federal claim 'to the state courts, including the state court of appeals and the state supreme court.'" *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015), *quoting Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Petitioner neither alleges nor establishes that he has sought any review of his convictions in the Michigan appellate courts. Petitioner must present his claims to the state courts in the first instance.

**II.**

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x. 113 (4th Cir. 2003). Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, a certificate of appealability is not warranted in this case. Leave to proceed *in forma pauperis* on appeal will also be denied, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 13, 2017

- 4 -

> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2017.
>
> s/Michael A. Sian
> MICHAEL A. SIAN, Case Manager

1:16-cv-14514-TLL-MKM Doc # 4 Filed 01/13/17 Pg 4 of 4 Pg ID 17